United States District Court
Southern District of Texas
FILED

MAR 22 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. C00024 |
| ) | |
| TEXAS AMERICAN SHIPPING CORP. ) | In Admiralty |
| and FEDNAV INTERNATIONAL, LTD., ) | |
| in personam, and the ) | |
| M/V PAL EAGLE ) | Rule 9(h) |
| its engines, tackle, etc., in rem, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## AMENDED VERIFIED COMPLAINT

Plaintiff, United States of America, for its complaint against Defendants Texas American Shipping Corp., FEDNAV International, Ltd., and the M/V PAL EAGLE, shows upon information and belief:

1. This is an action for loss and damage to a foreign aid shipment and is a claim within the admiralty and maritime jurisdiction of this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff is the United States of America, a sovereign nation, authorized to sue by 28 U.S.C. §1345.

3. Pursuant to Title II of the Agricultural Trade Development and Assistance Act of 1954, known as Title II, Public Law 480 as amended, contained in 7 U.S.C. §§1721-1725, and applicable regulations, the plaintiff, United States of America, acting by and through the Commodity Credit Corporation (CCC), an agency and instrumentality of the United States

4.

within the Department of Agriculture, acting on its own behalf as authorized and as agent for the Agency for International Development (AID), an agency and instrumentality of the United States of America, made available certain quantities of Wheat, to the World Vision Relief & Development (WVRD), for shipment to needy persons in foreign countries, and as authorized, agreed to pay for the ocean transport thereof.

    4. At all material times the Defendant, Texas American Shipping Corp., was engaged in the business of carriage of goods upon water for hire.

    5. At all material times the Defendant, FEDNAV International, Ltd., d/b/a Texas American Shipping Corp., was engaged in the business of carriage of goods upon water for hire.

    6. At all material times, Defendant, Texas American Shipping Corp., was and still is a corporation organized under the laws of the State of Texas and at all pertinent times was doing business within this District.

    7. At all material times, Defendant, FEDNAV International, Ltd., d/b/a Texas American Shipping Corp., was a corporation organized under the laws of Liberia and at all pertinent times was doing business within this District.

    8. At all material times, Defendant Texas American Shipping Corp., and/or FEDNAV International, Ltd., d/b/a Texas American Shipping Corp., operated, chartered, managed or otherwise controlled the defendant vessel M/V PAL EAGLE.

    9. At all material times, Defendant vessel M/V PAL EAGLE was and still is a merchant vessel engaged in the carriage of merchandise by sea for hire and is now, or during the pendency of these proceedings will be, within this District and within the jurisdiction of this Honorable Court.

    10. The Plaintiff, United States of America, having made certain quantities of Wheat to

WVRD for distribution to foreign countries, the aforesaid voluntary relief agency entered into a contract of carriage of goods with Defendant Texas American Shipping Corporation for shipment of the Wheat to Assab, Ethiopia.

11. In May 1994, the shipments described in Schedule A, annexed hereto and made a part hereof, were delivered to defendants at the loading port of Corpus Christi, Texas and defendants there accepted said shipments and agreed to transport them to the discharge port of Assab, Ethiopia, there to be delivered in the same good order and condition as when received, all in consideration of charges paid or to be paid and in accordance with the terms of certain contracts of carriage evidenced by a clean "on board" bill of lading.

12. The clean "on board" bill of lading, the original and/or copy of which will be submitted to the Court at the time of the trial, was signed by the Defendants or their authorized agents.

13. The shipment, was loaded aboard in good order and condition, and the Defendants, upon completion of loading the shipment, issued a clean "on board" bill of lading for the shipment.

14. The Defendant vessel, M/V PAL EAGLE, then sailed from the loading port of Corpus Christi, Texas and subsequently arrived at the discharge port of Assab, Ethiopia, but upon delivery, a number of bags were, wet, torn/slack, or otherwise seriously or grievously injured or damaged, and part of the shipment was shortlanded or otherwise not delivered at all.

15. Pursuant to regulations applicable to this foreign aid shipment, WVRD assigned all their rights concerning the aforesaid shipments to Commodity Credit Corporation, an agency and instrumentality of the United States. Commodity Credit Corporation now has the right to pursue the claim.

16. Plaintiff and all parties to said contracts for whom plaintiff may be responsible have performed all terms and conditions of said contracts on their part required to be performed.

17. By reason of the foregoing, the plaintiff, United States of America, has suffered damages in the amount of $29,185.05, no part of which has been paid although payment thereof has been duly demanded.

WHEREFORE, plaintiff prays:

1. That Defendants Texas American Shipping Corp. and FEDNAV International, Ltd., d/b/a Texas American Shipping Corp., be summoned to answer this complaint, and that after review of this complaint, a warrant issue for the arrest of the M/V PAL EAGLE its engines, tackle, etc.;

2. That judgment be entered in favor of plaintiff for the amount of the $29,185.05, with interests and costs;

3. That judgment of condemnation and sale be entered against the property arrested and attached herein, and the amount of plaintiff's claim with interest and costs be paid out of the proceeds thereof; and

4. That plaintiff have such further relief as may be just and proper.

Dated: March 21, 2000.

                                              Respectfully submitted,

                                              DAVID W. OGDEN
                                              Acting Assistant Attorney General

                                              JAMES H. DeATLEY
                                              United States Attorney

_____
PETER G. MYER
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4112
Facsimile: (202) 616-4032

Attorneys for Plaintiff
United States of America.

## VERIFICATION

I am an attorney employed by the Aviation & Admiralty Office, Torts Branch, Civil Division, U.S. Department of Justice, and one of the attorneys for Plaintiff United States of America herein, and make this verification by authority of Plaintiff and on its behalf. I have reviewed the foregoing Complaint, know the contents thereof, and, from information officially furnished to me, believe the same to be true.

I verify under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 21st day of March, 2000.

_____
PETER G. MYER
Trial Attorney

Please Serve:
Texas American Shipping Corporation
C/O Edward E. Hartline
2727 Allen Parkway
1300 Wortham Tower
Houston, Texas  77019

FEDNAV International, Ltd.
c/o Texas Secretary of State


Please withhold <u>in</u> <u>rem</u> service.
M/V PAL EAGLE

ClibPDF - www.fastio.com

## **SCHEDULE A**

Pursuant to certain statutes, contracts and arrangements plaintiff, acting through its wholly-owned Commodity Credit Corporation, donated and made available the following quantities of Wheat to the World Vision Relief & Development for foreign assistance.

| Bill of Lading No. | Commodity | Quantity Weight | Loading Port | Loading Date |
|---|---|---|---|---|
| 1-Corpus Christi, TX | Wheat | 38,789 bags 4,267,960 net lbs | Corpus Christi, TX | May 14, 1994 |
| 2-Corpus Christi, TX | Wheat | 55,791 bags 6,137,645 net lbs | Corpus Christi, TX | May 14, 1994 |