UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

JUL 21 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. C00024 |
| ) | |
| TEXAS AMERICAN SHIPPING CORP. ) | In Admiralty |
| and FEDNAV INTERNATIONAL, LTD., ) | |
| in personam, and the ) | |
| M/V PAL EAGLE ) | Rule 9(h) |
| its engines, tackle, etc., in rem, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

JOINT REPORT OF RULE 26(a)(1) MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

Answer: The meeting was held telephonically on July 19, 2000. Peter G. Myer attended for plaintiff, the United States. Paul Douglas Heard attended for defendant Texas American Shipping Corp. and John S. Lilly attended for FEDNAV International, Ltd.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

Answer: The following related cases are pending in other courts:

United States v. Texas American Shipping Corp. and the M/V SEA BARON, N.D. Fla. C/A. No. 3:00CV-19/LAC/MD;

United States v. Texas American Shipping Corp. and the M/V CITY OF AKAKI, S.D. Tex. C/A. No. H-00-0167;

United States v. Texas American Shipping Corp. and the M/V CARIBBEAN EXPRESS I
E.D. Tex. C/A. No. 1:00CV-055;

United States v. Texas American Shipping Corp. and the M/V SEA BARON,
E.D. Tex. C/A. No. 1:00CV-056.

3. Briefly describe what this case is about.

Answer: This is a maritime cargo (COGSA) action arising from damages to and shortlandings of famine relief cargoes to Africa by the Agency for International Development ("AID") and several private relief organizations.

4. Specify the allegation of federal jurisdiction.

Answer: Subject matter jurisdiction exists under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1301-1315, the general maritime law of the United States, and the Court's admiralty jurisdiction, 28 U.S.C. §1333.

5. Name the parties who disagree and the reasons.

Answer: None of the parties disagree about subject matter jurisdiction.

6. List anticipated additional parties that should be included, when they will be added, and by whom they are wanted.

Answer: No additional parties are anticipated.

7. List anticipated interventions.

Answer: No interventions are anticipated.

8. Describe class-action issues.

Answer: There are no class action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, state why not, and describe the arrangements that have been made to complete the disclosures.

Answer: Plaintiff, the United States, has made its initial disclosures and received documents from both defendants. The appropriate defendant will make formal disclosures soon.

10. Describe the proposed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Answer: The 26(f) issue that will affect this case is the existence of a corporate veil problem in identifying which of the two defendants is responsible for the losses and damage. Without an agreement between the defendants, this issue will require extensive discovery.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Answer: Plaintiff will make its *prima facie* case with documentation, but may send interrogatories to both defendants to sort out the corporate veil issue and to identify any defenses they plan to raise.

C. When and to whom the defendant anticipates it may send interrogatories.

Answer: Defendant FEDNAV International, Ltd. will send interrogatories to the Plaintiff within 45 days. Defendant Texas American Shipping Corp. hopes to be released from this case shortly and does not intend to send interrogatories or engage in other formal discovery unless retained in the case.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Answer: Plaintiff will make its *prima facie* case with documentation, but may need oral depositions of corporate representatives to sort out the corporate veil issue and to identify any defenses they plan to raise.

E. Of whom and by when the defendant anticipates taking oral depositions.

Answer: Defendant FEDNAV International, Ltd. anticipates that it will take the depositions of a representative for the shipper and the Plaintiff as well as any experts designated

by the Plaintiff. Defendant Texas American Shipping Corp. hopes to be released from this case shortly and does not intend to send interrogatories or engage in other formal discovery unless retained in the case.

  F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26 (a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

  Answer: Plaintiff will make its *prima facie* case with documentation and will need experts only if defendants raise technical defenses.

  G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

  Answer: Plaintiff will make its *prima facie* case with documentation and will need expert depositions only if defendants raise technical defenses. Defendant FEDNAV International, Ltd. will be able to designate experts and provide their reports within 9 months. Defendant Texas American Shipping Corp. hopes to be released from this case shortly and does not intend to send interrogatories or engage in other formal discovery unless retained in the case.

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).

  Answer: Defendant FEDNAV International, Ltd. will take the depositions of any experts designated by Plaintiff and anticipates that these depositions can be completed in approximately 9 months. Defendant Texas American Shipping Corp. hopes to be released from this case shortly and does not intend to send interrogatories or engage in other formal discovery unless retained in the case.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Answer: The parties are agreed on the discovery plan.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Answer: No discovery has been undertaken to date.

13. State the date the planned discovery can reasonably be completed.

Answer: Absent an agreement between the defendants on the corporate veil issue, the parties do not believe that discovery can be completed before April 1, 2001.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 meeting.

Answer: All parties are hopeful of a prompt settlement or resolution.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Answer: Since one defendant has only recently answered, settlement discussions to date have been very preliminary.

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

Answer: If the attorneys are unable to settle the case on their own, a mediation before a magistrate might be helpful.

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' <u>joint</u> position on a trial before a magistrate judge.

Answer: The United States will need special approval from within the Department of

Justice to present the case to a Magistrate Judge and can do so only if there are important extenuating circumstances.

18. State whether a jury demand has been made and if it was made on time.

Answer: No jury demand has been or will be made.

19. Specify the number of hours it will take to present evidence in this case.

Answer: A full trial of the corporate veil issue could take several days, but the evidence concerning the COGSA claim could be presented in four hours or less.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Answer: There are no pending motions.

21. List other motions pending.

Answer: There are no pending motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

Answer: As indicated in No. 2 above, there are four related cases in other courts and Defendant FEDNAV International, Ltd. will be filing motions to transfer venue (to Houston) and consolidate. This transfer and consolidation will be sought for economic and practical reasons and will not result in any delay. The Plaintiff and Defendant Texas American Shipping Corp. have advised that they will not oppose such motions.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.

Plaintiff has filed its Disclosure of Interested Parties, the appropriate defendant will do so

shortly, and the attorneys so certify by their signatures below.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Answer:

The United States is represented by:

Peter G. Myer, Trial Attorney
Texas Bar No. 14756600
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 616-4043
Facsimile: (202) 616-4159

Texas American Shipping Corp. is represented by:

Paul Douglas Heard
Texas Bar No. 09338200
Brown McCarroll & Oaks Hartline, LLP
1300 Wortham Tower, 2727 Allen Parkway
Houston, Texas 77019-2100
(713) 525-6285
Facsimile: (713) 525-6295

FEDNAV International, Ltd. is represented by:

John S. Lilly
Texas Bar No. 12356505
Wiliam A. Durham
Texas Bar No. 06281800
Eastham, Watson, Dale & Forney LLP
The Niels Esperson Building, 20th flr.
808 Travis Street
Houston, Texas 77002-5769
(713) 225-0905
Facsimile: (713) 225-2907

Respectfully submitted,

DAVID W. OGDEN
Acting Assistant Attorney General

MERVYN M. MOSBACKER
United States Attorney

PETER G. MYER, Trial Attorney
Texas Bar No. 14756600
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 14271
Washington, D.C. 20044-4271
Telephone: (202) 616-4112
Facsimile: (202) 616-4159

Attorneys for Plaintiff
United States of America

*[signature]*

<u>BY TELEPHONE AUTHORITY FOR</u>
PAUL DOUGLAS HEARD
Texas Bar No. 09338200
Brown McCarroll & Oaks Hartline, LLP
1300 Wortham Tower, 2727 Allen Parkway
Houston, Texas 77019-2100
(713) 525-6285
Facsimile: (713) 525-6295

Attorney for Defendant
Texas American Shipping Corp.

*[signature]*

<u>BY TELEPHONE AUTHORITY FOR</u>
JOHN S. LILLY
Texas Bar No. 12356505
WILLIAM A. DURHAM
Texas Bar No. 06281800
Eastham, Watson, Dale & Forney LLP
The Niels Esperson Building, 20th flr.
808 Travis Street
Houston, Texas 77002-5769
(713) 225-0905
Facsimile: (713) 225-2907

Attorney for Defendant
FEDNAV International, Ltd.

ClibPDF - www.fastio.com