United States District Court
Southern District of Texas
FILED

JUL 26 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | Civil Action No. C-00024 ~~1:00CV-055~~ |
| | § | |
| v. | § | In Admiralty |
| | § | |
| TEXAS AMERICAN SHIPPING CORP. | § | |
| and FEDNAV INTERNATIONAL, LTD. | § | Rule 9(h) |
| *in personam*, and the | § | |
| M/V PAL EAGLE | § | |
| its engines, tackle, etc., *in rem*, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL ANSWER OF DEFENDANT FEDNAV INTERNATIONAL, LTD.

Defendant Fednav International, Ltd. (hereinafter referred to as "Fednav"), files this Original Answer to the Amended Verified Complaint of the United States of America, and would respectfully show as follows:

### FIRST DEFENSE

1. Plaintiff's Amended Verified Complaint fails to state a cause of action in Fednav against which the relief sought can be granted.

### SECOND DEFENSE

2. For further answer and without waiving the foregoing, Fednav maintains that the Plaintiff's claims are time barred.

### THIRD DEFENSE

3. For Further answer and without waiving the foregoing, Fednav responds to the specific allegations of Plaintiff's Amended Verified Complaint as follows:

   a. Defendant Fednav admits that this claim is within the admiralty and

15.

maritime jurisdiction of this Honorable Court;

b. Defendant Fednav admits that the United States of America is a sovereign nation, but denies that it is appropriate to sue Defendant Fednav as alleged in paragraph 2 of Plaintiff's Verified Amended Complaint;

c. Defendant Fednav lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained within paragraph 3 of Plaintiff's Verified Amended Complaint;

d. Defendant Fednav admits the allegations as to Texas American Shipping Corp. contained in paragraph 4 of Plaintiff's Verified Amended Complaint;

e. Defendant Fednav admits that it was engaged in the marine shipping business, but denies the remaining allegations contained within paragraph 5 of Plaintiff's Verified Amended Complaint;

f. Defendant Fednav is not required to answer jurisdictional allegations against another defendant, as is contained in paragraph 6 of Plaintiff's Verified Amended Complaint;

g. Defendant Fednav admits that it was a corporation, but denies the remaining allegations contained within paragraph 7 of Plaintiff's Verified Amended Complaint;

h. Defendant Fednav admits that it operated, chartered, managed or otherwise was involved with the vessel M/V PAL EAGLE but denies

the remaining allegations contained within paragraph 8 of Plaintiff's Verified Amended Complaint;

i. Defendant Fednav lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained within paragraph 9 of Plaintiff's Verified Amended Complaint;

j. Defendant Fednav lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained within paragraph 10 of Plaintiff's Verified Amended Complaint;

k. Defendant Fednav admits that a shipment of food stuff aids cargo was delivered to the vessel, and that bills of lading relating thereto were issued, but denies the remaining allegations contained with paragraph 11 of Plaintiff's Verified Amended Complaint;

l. Defendant Fednav admits that bills of lading relating to the shipment were issued, but denies the remaining allegations contained within paragraph 12 of Plaintiff's Verified Amended Complaint;

m. Defendant Fednav admits that a shipment of aid food stuffs was loaded aboard the vessel, and that a bill of lading relating thereto was issued, but denies the remaining allegations contained within paragraph 13 of Plaintiff's Verified Amended Complaint;

n. Defendant Fednav denies the allegations contained within paragraph 14 of Plaintiff's Verified Amended Complaint;

o. Defendant Fednav lacks knowledge or information sufficient to form a

      belief as to the truth of the allegations contained within paragraph 15 of Plaintiff's Verified Amended Complaint;

  p. Defendant Fednav lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16 of Plaintiff's Verified Amended Complaint; and,

  q. Defendant Fednav denies the allegations contained within paragraph 17 of Plaintiff's Verified Amended Complaint and also denies that the Plaintiff is entitled to the relief sought in its prayer.

## FOURTH DEFENSE

4. For further answer herein, without waiving any of the foregoing, Defendant Fednav invokes all of the rights and immunities granted to it under the appropriate bills of lading, the charter party, and all applicable laws including, but not limited to, the United States Carriage of Goods by Sea Act, and the general maritime law, none of which are waived.

## FIFTH DEFENSE

5. For further answer herein, without waiving any of the foregoing, Defendant Fednav states that the requisite notice of claim was not given within the time required by law; therefore, a presumption of proper delivery arises.

## SIXTH DEFENSE

6. For further answer herein, without waiving any of the foregoing, Defendant Fednav would show that if Plaintiff's cargo mentioned in Plaintiff's Verified Amended Complaint sustained any loss or damage, which has been denied, then, alternatively, such loss was due to the perils of the sea, inherent vice, or heavy weather or

other defenses listed in the United States Carriage of Goods by Sea Act, general maritime law, and was not the fault of Defendant Fednav.

## SEVENTH DEFENSE

7. For further answer herein, and without waiving any of the foregoing, Defendant Fednav states that if the cargo mentioned in Plaintiff's Verified Amended Complaint sustained any loss or damage, which specifically has been denied, then, alternatively, such loss or damage was caused by a third party or other persons for whom Defendant Fednav is not legally responsible.

## EIGHTH DEFENSE

8. For further answer herein and without waiving any of the foregoing, Defendant Fednav states that if the cargo mentioned in Plaintiff's Verified Amended Complaint sustained any loss or damage, which specifically has been denied, then, alternatively, such loss or damage occurred after the cargo was delivered by Defendant Fednav.

9. WHEREFORE, Defendant Fednav International, Ltd. respectfully prays that Plaintiff's claims be dismissed as to it, or that upon final hearing, Plaintiff take nothing with regards to its claims, and that Defendant Fednav International, Ltd. be awarded costs and attorneys fees in connection with the defense against such claims, and for such other and further relief as Defendant Fednav International, Ltd. can show itself justly entitled.

Respectfully submitted,

*[signature]*

John S. Lilly
Texas Bar No. 12356505
William A. Durham
Texas Bar No. 06281800
808 Travis, 20th Floor
Niels Esperson Building
Houston, Texas 77002
Telephone: 713-225-0905
Facsimile: 713-225-2907

Attorneys in Charge for Defendant,
Fednav International, Ltd.

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

19476.0PNS7135.JSL                                    6

## CERTIFICATE OF SERVICE

      I, the undersigned, certify that I am a member of the firm of Eastham, Watson, Dale & Forney, L.L.P., attorneys in charge for the Defendants herein, and that I forwarded a true and correct copy of the foregoing Original Answer of Fednav International, Ltd. via facsimile and certified mail to all counsel of record on this the 25th day of July, 2000.

      David W. Ogden
Acting Assistant Attorney General
J. Michael Bradford
United States Attorney
Peter G. Myer
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 14271
Washington, D. C. 20044-4271
Telephone: 202-616-4112
Facsimile: 202-616-4032

Paul Heard
Brown, McCarroll & Oaks Heartline, L.L.P.
2727 Allen Parkway, Suite 1300
Houston, Texas 77019
Telephone: 713-529-3110
Facsimile: 713-525-6295

_____
John S. Lilly